Larry MOORE, Plaintiff–Appellant,

v.

Dennis SERGENT; Bruce Curtis; Laura D. Dotson, Defendants–Appellees.

No. 01–1271.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

Before MARTIN, Chief Judge; DAUGHTREY, and MOORE, Circuit Judges.

## ORDER

Larry Moore, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Moore sued multiple prison personnel contending that he was being denied his ability to use the prison grievance process. Upon de novo review of a magistrate judge's report, the district court granted summary judgment to the defendants.

In his timely appeal, Moore contends that the district court erred in dismissing his complaint for failure to exhaust available administrative remedies, that he had a constitutional right to use the prison grievance system, and that by being denied access to the grievance system, he is being denied the ability to resolve his legal and medical claims.

The district court's judgment is reviewed de novo. *See Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000).

The defendants were entitled to summary judgment as a matter of law. Moore contends that the district court erred in dismissing his complaint for failure to exhaust his available administrative remedies. However, the magistrate judge specifically noted that Moore had exhausted his available administrative remedies and that the allegations were properly before the court. Therefore, the argument is without merit.

Moore was not subjected to retaliation by the defendants and he is not being denied access to the prison grievance system. The facts show that Moore is a prolific grievant. Moore arrived at the Southern Michigan Correctional Facility on September 3, 1998, and by October 14, 1998, had filed sixteen grievances. Many of the grievances were rejected by prison officials as being frivolous, vague, untimely, or duplicate. After warning Moore on two occasions that he was abusing the grievance process, the grievance coordinator recommended to the warden that Moore's access to the grievance process be restricted. The warden accepted the recommendation and on October 14, 1998, placed Moore on restricted access for a period of ninety days. Moore continued to file grievance after grievance. He was placed on restricted access two additional times, but with no effect. Moore had filed a total of ninety-one grievances by his first year at the Southern Michigan Correctional Facility. Well over half of those grievances were rejected as being duplicate,

untimely, frivolous, or procedurally or substantively flawed.

Michigan Department of Corrections (MDOC) Policy Directive 03.02.130, § KK, states that:

A prisoner or parolee who files an excessive number of grievances which are frivolous, vague, duplicate, non-meritorious, raise non-grievable issues, or contain prohibited language ... or who files an unfounded grievance ... may have access to the grievance process limited by the warden or FOA area manager for an initial period of not more than 90 days. If the prisoner or parolee continues to file such grievances while on modified access, the warden or FOA area manager may extend the prisoner's or parolee's modified access status for not more than an additional 30 days for each violation.

Once on restricted access, a prisoner who wishes to file a grievance must first have the grievance pre-screened by the grievance coordinator to insure that it meets all substantive and procedural requirements. If it does not, the grievance will not be processed. MDOC Policy Directive 03.02.130, § NN.

A retaliation claim essentially entails three elements: 1) the plaintiff engaged in protective conduct; 2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) there is a connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). Under MDOC policy, Moore is still free to file grievances, he is just now required to submit his grievances to pre-screening to eliminate fraud or frivolous complaints. As Moore has not been prevented from continuing to file grievances,

he has not been subjected to retaliation. Moore can still seek to exhaust his available administrative remedies and gain access to the courts. The only requirement is that he cannot continue to file duplicate, frivolous, or untimely grievances. Thus, Moore's constitutional rights have not been violated.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.